CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 15 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| REV. PIERRE A. RENOIR, ) | |
| Plaintiff, ) | Civil Action No. 7:06cv00474 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| ) | |
| LT. MULLINS, et al., ) | By: Samuel G. Wilson |
| Defendants. ) | United States District Judge |

Rev. Pierre A. Renoir, a Virginia prisoner proceeding pro se, brings this action for damages pursuant to 42 U.S.C. § 1983 against various Virginia Department of Corrections employees and the Governor of the Commonwealth of Virginia. Renoir claims that the defendants have violated his federal constitutional rights by improperly placing him into a "Protective Custody" unit and by failing to provide him with adequate medical care. Renoir has previously filed three civil complaints that the federal courts have dismissed for failure to state a claim on which relief may be granted; therefore, Renoir may not proceed with this action unless he either pays the $ 350.00 filing fee or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[1] Renoir has not shown that he is in danger of serious harm; accordingly, the court dismisses his suit.

I.

Renoir claims that on or about July 28, 2006, he was removed from "Progressive Housing" at Red Onion State Prison ("ROSP") and placed in "Protective Custody," allegedly because his "life was in danger." However, Renoir claims that he was not in any danger and that he was placed into "Protective Custody" merely to delay his transfer from ROSP and to prevent him from exposing details of the "Psychiatric Center Child Prostitution Scandal" claims which he first alleged in Renoir

---

[1] See Renoir v. Miller, Civil Action No. 7:99cv00330 (W.D. Va. Dec. 21, 1999); Renoir v. Angelone, Civil Action No. 7:99cv00211 (W.D. Va. Oct. 29, 1999); and Renoir v. McMillan, Civil Action No. 7:99cv00356 (W.D. Va. June 28, 1999).

v. Warden Ray, et al., Civil Action No. 7:06cv00164 (W.D. Va. March 27, 2006). Renoir also claims that since his transfer to "Protective Custody" he has been denied medical treatment and prison officials refuse to refer him to an outside neurologist for the same "Parkinson" like symptoms he alleged he suffered in Renoir v. Warden Ray, et al., Civil Action No. 7:06cv00164 (W.D. Va. March 27, 2006).

Renoir states that he has not filed any grievances related to his complaints because he believes that his current placement in "Protective Custody" and denial of medical treatment are the fault of the Governor of the Commonwealth of Virginia and he does not have the funds to buy postage to file his complaints with the Governor's office.

## II.

As the federal courts have dismissed three of Renoir's previous complaints for failure to state a claim and as Renoir has not prepaid the filing fee, he cannot proceed in this action unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Renoir has not demonstrated that he is in imminent danger of serious injury. Renoir does not claim that his alleged transfer to "Protective Custody" poses any risk of injury. Further, as to his allegations of untreated "Parkinson" disease, his disagreement with prison officials' decision not to transfer him to an outside neurologist for further testing or provide him with the treatment he believes he needs, is nothing more than an unactionable disagreement with medical staff as to a proper diagnosis and course of treatment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Accordingly, the court finds that Renoir is not in imminent danger of serious physical injury.

Moreover, pursuant to 42 U.S.C. § 1997e(a), an inmate must exhaust all available administrative remedies before filing a claim under § 1983. As Renoir admits that he has not filed any institutional grievances related to his current housing assignment nor as to the alleged denial of

2

medical treatment, it is clear he has not exhausted all available administrative remedies. Accordingly, the court dismisses Renoir's complaint without prejudice pursuant to 28 U.S.C. § 1915(g).[2]

The Clerk is directed to send a certified copy of this order to the plaintiff.

**ENTER:** This August 14, 2006.

_____
UNITED STATES DISTRICT JUDGE

---

[2] The court has previously notified Renoir that he may not file civil actions in this court unless he either pays the filing fee or demonstrates that he is under imminent danger of serious physical injury. Therefore, the court will not give Renoir additional time to pay the filing fee or amend his complaint.